**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SHAWN PAUL COSNER,**

**Plaintiff,**

**v.** **Civil Action No. 1:25-cv-57**

**UNITED STATES OF AMERICA,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS [ECF NOS. 29, 38]**

Pending before the Court are two Reports and Recommendations by the Magistrate Judge. For the reasons discussed herein, they are **ADOPTED.**

## I. BACKGROUND AND REPORT AND RECOMMENDATION

On June 20, 2025, pro se Plaintiff, Shawn Paul Cosner ("Mr. Cosner" or "Plaintiff"), filed a complaint for damages under the Federal Tort Claims Act against Defendant United States of America ("Defendant" or "Government"). ECF No. 1. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 5.

On February 5, 2026, the United States filed a Motion to Dismiss for Failure to State a Claim and Partial Motion to Dismiss

for Lack of Jurisdiction.[1] ECF No. 24. Mr. Cosner responded in opposition on February 27, 2026, [ECF No. 27], to which the United States replied on March 5, 2026. ECF No. 28.

On June 1, 2026, the Magistrate Judge entered a Report and Recommendation ("R&R"), [ECF No. 29], recommending the Court grant the United States' Motion to Dismiss. ECF No. 24. The Magistrate Judge further recommended Mr. Cosner's Amended Complaint, [ECF No. 23], be *dismissed without prejudice*.[2] Mr. Cosner accepted service of the R&R on June 1, 2026, [ECF No. 29-1], and filed timely objections on June 15, 2026. ECF No. 32. In addition to his objections to the R&R, [ECF No. 32], Mr. Cosner filed a Motion for Leave to Exceed Page Limitations, [ECF No. 31], and a Motion for Leave to File a Second Amended Complaint, [ECF No. 33], each on June 15, 2026. On June 29, 2026, the United States responded in opposition both to Mr. Cosner's objections to the R&R, [ECF No. 35], and his Motion for Leave to File a Second Amended Complaint. ECF No. 36. On July 8, 2026, Mr. Cosner replied to Defendant's response in opposition to his Motion for Leave to File a Second Amended Complaint. ECF No. 37.

---

[1] Defendant's first Motion to Dismiss for Failure to State a Claim, filed December 30, 2025, is **DENIED AS MOOT** following the Court's Order Granting Pro Se Plaintiff's Motion to File First Amended Complaint, filed January 26, 2026. [ECF No. 22].

[2] The R&R also recommended the Court **DENY AS MOOT** the United States' first Motion to Dismiss for Failure to State a Claim, [ECF No. 16], following the Court's Order Granting Plaintiff's Motion to File First Amended Complaint.

On August 7, 2026, the Magistrate Judge entered a supplemental R&R, [ECF No. 39], recommending Plaintiff's Motion for Leave to File Second Amended Complaint, [ECF No. 33], be denied. Plaintiff accepted service of the supplemental R&R on August 7, 2026, [ECF No. 38-1], and filed timely objections on August 21, 2026, [ECF No. 39], to which the United States responded on September 4, 2026. ECF No 40.

The R&Rs informed the parties they had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned "[f]ailure to timely file objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." ECF 29 at 36-37; ECF 38 at 16-17.

## II. OBJECTIONS AND STANDARD OF REVIEW

Mr. Cosner filed two sets of objections to the R&Rs: the first in response to the R&R entered June 1, 2026, [ECF No. 29], and the second in response to the supplemental R&R entered August 7, 2026. ECF No. 39. The court will address each set of objections separately.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt,

without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant

to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b).

**A. Objections One through Four to the first R&R, [ECF No. 29], are overruled.**

Mr. Cosner raises four objections in response to the first R&R: (1) the Magistrate Judge required a pleading standard greater than necessary to satisfy Rule 8 of the Federal Rules of Civil Procedure; (2) the R&R improperly resolved disputed questions reserved for the factfinder; (3) the Magistrate Judge applied the wrong standard in its analysis of Mr. Cosner's claim for Intentional Infliction of Emotional Distress ("IIED"); and (4) the Magistrate Judge improperly dismissed Mr. Cosner's conversion claim and demanded facts uniquely within the VA Hospital's control.

**1. Objection One to the first R&R is overruled.**

Mr. Cosner's first objection asserts the Magistrate Judge required a pleading standard greater than necessary to satisfy Rule 8 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a)(2) requires a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to

state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." Twombly, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.; McCleary-Evans, 780 F.3d at 585; Bing v. Brivo Sys., LLC, 959 F.3d 605, 616 (4th Cir. 2020), cert. denied, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Robertson v. Sea Pines Real Est. Companies, Inc., 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Robertson v. Sea Pines Real Estate Co., 679 F.3d 278, 288 (4th Cir. 2012).

As noted in Iqbal, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56); see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (citing Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Pursuant to W. Va Code § 55-7B-3(a), the necessary elements to succeed on a medical negligence claim in West Virginia are "(1) [t]he health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (2) [s]uch failure was a proximate cause of the injury or death.

The Court overrules Mr. Cosner's first objection to the R&R. Mr. Cosner alleges the R&R required him to prove every single element and make an "expert-style showing" at the pleading stage. ECF No. 32, at p. 3. He further contends that by requiring him to show the applicable standard of care with regard to Count One and negligence, the magistrate judge also required him to prove the elements of the claim in his pleadings. Id. Mr. Cosner is misguided. A plaintiff is not required to make legal arguments at the pleading stage but, in the same breath, cannot allege only conclusory statements. In Mr. Cosner's Amended Complaint, he provides "VA medical personnel breached the standard of care by: obtaining consent at 4:49 a.m. from a severely sleep-deprived patient with a recent head injury; failing to treat insomnia that was the reason Plaintiff sought help; allowing Plaintiff to lose nine pounds in six days without intervention; and continuing treatment in an environment that staff documented was harming the patient." ECF No. 23, at ¶ 43. The Amended Complaint was devoid of any explanation of the standard of care or how it was breached; he simply made conclusory statements about his condition. Moreover, Mr. Cosner does not present enough facts to support the allegations of medical negligence at this stage of the pleadings.

Accordingly, Mr. Cosner's first objection to the first R&R is **OVERRULED**.

**2. Objection Two to the first R&R is overruled.**

Next, the Court overrules Mr. Cosner's second objection to the first R&R. Plaintiff's second objection takes issue with the R&R's ruling as to Negligent Confinement (Count Two) and Negligent Conditions of Confinement (Count Five). ECF No. 32, at p. 8. Plaintiff alleges the Magistrate Judge decided questions of fact which were to be determined by a jury. Id. Specifically, Plaintiff states the Magistrate Judge determined Plaintiff's condition "may have warranted" confinement. Id.

Here, Mr. Cosner's own statements about his condition were enough to suggest a medical provider could place him in confinement. Mr. Cosner claims to have experienced severe sleep deprivation, insomnia, and other mental health problems. As discussed in the Court's analysis of Mr. Cosner's first objection, he fails to allege any facts which would point to a different standard of care that could suggest a reasonable health care provider would act in a different manner.

Plaintiff's second objection to the first R&R is **OVERRULED**.

**3. Objection Three to the first R&R is overruled.**

To prevail on an IIED claim, a plaintiff must establish the following:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress

> would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 3, Travis v. Alcon Lab'ys, Inc., 504 S.E.2d 419 (W. Va. 1998). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Harless v. First Nat. Bank in Fairmont, 289 S.E.2d 692, 705 (W. Va. 1982).

Here, Mr. Cosner's third objection must fail. Mr. Cosner asserts the Magistrate Judge only analyzed whether or not the healthcare providers acted with intent to inflict emotional distress. ECF No. 32, at p. 10. This is incorrect. Instead, the Magistrate Judge stated Mr. Cosner cannot meet either the intent or recklessness prong of an IIED analysis. Mr. Cosner does not allege any misconduct on behalf of any healthcare providers which would rise to the standard required to succeed on a claim for IIED. As pointed out by the Magistrate Judge, Mr. Cosner only specifically alleges issues with food selection, visitor availability, and the facility itself. ECF No. 23, at ¶ 37. While Mr. Cosner clearly had an unpleasant experience during his hospital stay, he fails to show how Defendant's conduct goes beyond all possible bounds of decency.

Accordingly, Plaintiff's third objection to the first R&R is **OVERRULED.**

**4. Objection Four to the first R&R is overruled.**

Under West Virginia law, "[t]he tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is ... a conversion of the property[.]" Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va., 244 W.Va. 508, 854 S.E.2d 870, 886 (2020) (citing Syl. pt. 1, Arnold v. Kelly, 4 W. Va. 642 (1871)). "Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use." Syl. pt. 17, Rodgers v. Rodgers, 184 W.Va. 82, 399 S.E.2d 664 (1990) (citation omitted). Of note, "[b]ad faith or evil motive" is not an element of proof. Id. at 677.

Here, Mr. Cosner's fourth objection to the first R&R is overruled. Mr. Cosner's argument for Conversion is murky at best. He alleges in his Amended Complaint that hospital staff took his personal Bible and personal notes and that the hospital staff failed to return these items upon his discharge. ECF No. 23, at ¶¶ 51-52. In his objection, Mr. Cosner argues he should not be required to provide the "precise moment a VA employee took his property or name the employee." ECF No. 32, at 12. While Mr. Cosner

is not required to name the exact moment a specific employee took his Bible and personal notes, his pleadings are vague and provide no clear explanation of how his belongings were converted or who exercised control over such belongings. Plaintiff cannot simply make vague allegations in order to get to discovery.

Accordingly, Plaintiff's fourth objection to the first R&R is **OVERRULED.**

The Court reviewed the remainder of the first R&R for clear error and found none.

**B. Objections One through Eight to the supplemental R&R, [ECF No. 39], are overruled.**

Mr. Cosner raises eight objections to the supplemental R&R: (1) the R&R required evidentiary proof at the pleading stage; (2) the Magistrate Judge's finding of a repeated failure to cure is unsupported by the record; (3) the R&R's futility findings are inconsistent; (4) Mr. Cosner's Second Amended Complaint pleads an objective standard of care; (5) the R&R misapplies the required standards for IIED; (6) Mr. Cosner's Second Amended Complaint explained how his property was converted; (7) the R&R did not assess each of Mr. Cosner's claims for futility; and (8) the R&R inappropriately dismisses the claims because of a "curable pleading issue." See ECF No. 39.

**1. Plaintiff's first objection to the supplemental R&R is overruled.**

Mr. Cosner's first objection argues the Magistrate Judge

"applies a proof standard, not a pleading standard." ECF No. 39, at p. 2. Mr. Cosner argues he need not "attach, authenticate, or otherwise prove documents to survive Rule 12(b)(6)." Id. It is true Plaintiff is not required to prove allegations he makes at the pleading stage, but he must show the Court there are some bases for the allegations made. The Court is not requiring Mr. Cosner to prove the accuracy of any records or claims at this stage. However, Mr. Cosner simply cites direct quotations from different records that he does not identify or attempt to explain in any way. This does not help his attempted re-pleading of an IIED claim; rather, he causes further confusion.

For these reasons, Plaintiff's first objection to the second R&R is **OVERRULED**.

**2. Plaintiff's second objection to the supplemental R&R is overruled.**

In his second objection, Mr. Cosner argues because his First Amended Complaint was filed more than four months before the first R&R was ordered and he has not been given the opportunity to file a Second Amended Complaint, there has not been a "repeated failure to cure" pleading deficiencies on Plaintiff's part. Id. at 2-3. Essentially, Mr. Cosner argues he has not been given ample opportunity to amend his pleadings.

Mr. Cosner's objection carries no merit. First, he is not automatically entitled to amend his pleadings once the Magistrate Judge issues the R&R. Second, Mr. Cosner has already been given an

opportunity to amend his pleadings once. Mr. Cosner himself stated over four months elapsed between the time his Amended Complaint was filed and when the Magistrate Judge issued his first R&R. Mr. Cosner was perfectly able to amend his pleadings and cure any deficiencies during that four-month period.

Accordingly, Plaintiff's second objection to the supplemental R&R is **OVERRULED**.

**3. Plaintiff's third and seventh objections to the supplemental R&R are overruled.**

Because Mr. Cosner's third and seventh objections are substantially related, the Court will address them together. Mr. Cosner contends the supplemental R&R incorrectly held his proposed amendments were futile for two reasons. First, he argues the Magistrate Judge's characterization of the proposed amendments as both "considerable in scope" and lacking any substantive change are "difficult to reconcile." ECF No. 39, at 3. Second, he argues futility must be assessed "claim by claim" and complete futility cannot stand if one of those claims is plausible. Id. at 7.

The idea the proposed amendments are considerable in scope and lacking any substantive change are not mutually exclusive. Here, none of the proposed amendments change Mr. Cosner's original pleadings in any substantial way. He fails to elaborate on any prior allegations and his claims remain inviable. His objection is therefore **OVERRULED**.

As for Plaintiff's seventh objection, the Court struggles to

discern Mr. Cosner's argument. Mr. Cosner maintains futility must be assessed "claim by claim." This Court is satisfied with the Magistrate Judge's careful analysis of each of the claims, which are reflected clearly in the R&Rs adopted herein. All claims are evaluated individually; the issue appears to lie with the sufficiency of the pleadings, rather than the Magistrate Judge's failure to assess each individual claim.

Accordingly, Plaintiff's third and seventh objections are **OVERRULED**.

**4. Plaintiff's fourth objection to the supplemental R&R is overruled.**

Mr. Cosner's fourth objection to the second R&R takes issue with the Magistrate Judge's recommendation that W. Va. Code §§ 27-4-3 and 27-4-4, as well as 38 C.F.R. § 17.32, do not apply in this case. W. Va. Code §§ 27-4-3 and 27-4-4 cover releases of voluntarily admitted patients, while 38 C.F.R. § 17.32 covers informed consent. Mr. Cosner's attempts at employing the statutes and regulation to establish a standard of care fail; rather, they only establish procedures for releasing certain patients. Nothing Mr. Cosner offers here cures the defects previously summarized regarding the negligence standard.

Plaintiff's fourth objection is **OVERRULED**.

**5. Plaintiff's fifth objection to the supplemental R&R is overruled.**

In his fifth objection, Mr. Cosner asserts the Magistrate Judge inappropriately determined that the proposed amendments fail to show outrageous behavior on the part of the hospital staff. ECF No. 39, at 5. Mr. Cosner argues such a determination can only be made by the jury. Id.

In West Virginia,

> a court must determine whether the conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency: In evaluating a defendant's conduct in an intentional or reckless infliction of emotional distress claim, the role of the trial court is to first determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress. Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination.

Syl. Pt. 4, Travis, 504 S.E.2d at 419 (emphasis added). While Mr. Cosner is correct, a determination of outrageousness is a question for the jury, he fails to plead any facts which rise to the level of outrageousness as a matter of law. It is a court's duty to determine whether conduct may reasonably be considered outrageous. Here, Mr. Cosner only provides direct quotations from unidentified records, which do not supplement any previously lacking claims of outrageous behavior on the part of the hospital staff. For the same reasons established by the Magistrate Judge, this Court finds

Mr. Cosner failed to provide any facts which rise to the level of reasonably outrageous conduct.

Accordingly, Plaintiff's fifth objection to the supplemental R&R is **OVERRULED.**

**6. Plaintiff's sixth objection to the supplemental R&R is overruled.**

Mr. Cosner's sixth objection argues his proposed amendments cure the deficiencies of his conversion claim. ECF No. 39, at 6. Mr. Cosner argues his amendments explain "the conversion occurred at discharge, when property remaining in Plaintiff's room on the locked unit passed into exclusive possession and control of VA staff." Id.

Mr. Cosner's proposed amendments as to his conversion claim do nothing to cure the deficiencies identified in the initial R&R. After the Amended Complaint was filed, it was unclear who exercised control over Mr. Cosner's personal belongings and when they exercised that control. Plaintiff's amendments do not get any closer to answering those questions. His amendments merely provide he lost control of his belongings at discharge and never got them back. Plaintiff does not provide sufficient allegation about any handling of personal property by one without legal right to handle it.

Accordingly, Plaintiff's sixth objection to the supplemental R&R is **OVERRULED.**

**7. Plaintiff's eighth objection to the supplemental R&R is overruled.**

Mr. Cosner's eighth objection to the supplemental R&R asserts the R&R inappropriately dismisses the claims because of a "curable pleading issue." See ECF No. 39. This objection must be overruled because it is not clear any adjusted pleadings would cure the issues laid out. Plaintiff argues "denying leave would convert a curable pleading issue into a practical bar." ECF No. 39, at p. 7. First, the Court has already given Plaintiff an opportunity to amend his pleadings. See ECF No. 22. Second, and most importantly, the Second Amended Complaint proposed by Mr. Cosner would not cure the pleading issues previously highlighted. Plaintiff does not add anything substantive to his proposed Second Amended Complaint.

Accordingly, Plaintiff's eighth objection to the supplemental R&R is **OVERRULED.**

The Court reviewed the remainder of the supplemental R&R for clear error and found none.

## III. CONCLUSION

For these reasons, the Court **ADOPTS** the first R&R [ECF No. 29] and the supplemental R&R [ECF No. 38] in their entirety and **OVERRULES** both sets of Plaintiff's objections [ECF Nos. 32, 39]. Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 33] is **DISMISSED.** All other pending motions are **DENIED AS MOOT**. Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE** and the Court **DIRECTS** the Clerk to strike this case from the

Court's active docket.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record via email and the pro se Plaintiff via certified mail, return receipt requested.

**DATED**: September 30, 2026

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA